```
IN THE UNITED STATES DISTRICT COURT
  FOR THE SOUTHERN DISTRICT OF ALABAMA
            SOUTHERN DIVISION
```

MOHAMMAD SHARIFI, # Z-709,     *
                               *
    Plaintiff,                 *
                               *
vs.                            *  CIVIL ACTION NO. 23-00157-KD-B
                               *
ROBERT BROUSSARD,              *
                               *
    Defendant.                 *

### REPORT AND RECOMMENDATION

Plaintiff Mohammad Sharifi, an Alabama prison inmate, filed a *pro se* complaint under 42 U.S.C. § 1983 and a motion to proceed without prepayment of fees. (Docs. 1, 2). This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Upon consideration of Sharifi's motion to proceed without prepayment of fees (Doc. 2), the motion is **GRANTED**.

Because Sharifi is a prisoner proceeding *in forma pauperis* ("IFP"), the Court has conducted an initial screening review of his complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Section 1915(e)(2)(B)(i) requires a court to dismiss the complaint of a plaintiff proceeding IFP if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). Similarly, under § 1915A(b)(1), the court must dismiss a prisoner's

complaint against a government official if it is frivolous or malicious. Id. at § 1915A(b)(1).

A complaint that merely repeats pending or previously litigated claims is an abuse of the judicial process and may properly be dismissed as frivolous or malicious under §§ 1915(e)(2)(B)(i) and 1915A(b)(1). See Daker v. Ward, 999 F.3d 1300, 1308 (11th Cir. 2021); McWilliams v. State of Colorado, 121 F.3d 573, 574 (10th Cir. 1997) ("'[R]epetitious litigation of virtually identical causes of action' may be dismissed under § 1915 as frivolous or malicious." (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)); Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981) (explaining that a complaint "that merely repeats pending or previously litigated claims may be considered abusive," and a complaint that is "plainly abusive of the judicial process is properly typed malicious"); Van Meter v. Morgan, 518 F.2d 366, 367 (8th Cir. 1975) (per curiam) (affirming the dismissal of a complaint as frivolous where the IFP plaintiff had already filed similar complaints, one of which was currently pending and "deal[t] with issues directly related, if not identical, to these herein"); see also Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit.").

Sharifi is incarcerated at Holman Correctional Facility in the Southern District of Alabama. (Doc. 1 at 1). In 2005, he was convicted of "double capital murder"[1] in Madison County, Alabama, and was sentenced to death. (Id. at 1, 6). Sharifi names Robert Broussard, the prosecutor at his 2005 murder trial and the current Madison County District Attorney, as the sole Defendant in this action. (Id. at 1, 5).

Sharifi purports to raise claims against Defendant Broussard for "malicious police misconducts" and "malicious prosecution." (Id. at 5). Sharifi claims that he did not kill his "beloved ex-wife" and "beloved friend Mr. Brown" and was "in Los Angeles with 43 alibis" when the murders occurred. (Id. at 8). Sharifi asserts that he was "framed" by "three racist cops," and he references "overwhelming forgeries and perjuries malicious police misconducts." (Id.).

Under the heading "Constitutional Problems," Sharifi complains that various judges and attorneys have been "DEAD silent" with respect to his "urgent pro-se 5th writ of mandamus petition 2-21-2023" that was sent to Defendant Broussard and other officials. (Id. at 4, 8). Sharifi insists that Defendant

---

[1] Unless otherwise indicated by brackets, quoted language from Sharifi's *pro se* complaint is reproduced herein without modification or correction for typographical, grammar, or spelling errors.

3

Broussard "MUST ANSWER to his ESTABLISHED police misconducts." (Id. at 8).

According to Sharifi, this case "is not habeas, not certiorari, seeking ZERO relief BUT DEMANDING 'ANSWER' of Hon. Robert Broussard for his police misconducts malicious prosecution." (Id.). Sharifi suggests that because it is "impossible" for Defendant Broussard to answer for the misconduct alleged, "he MUST file writ of mandamus deport Sharifi to Iran - as State's Relief (Not Sharifi's Relief) - plus $5,000,000,000, § 1983 for beloved victims family & my new trial attorneys." (Id.). Sharifi requests that the Court require Defendant Broussard to answer his "5th writ of mandamus police misconduct petition 2-21-2023" and order a "jury trial civil action and jury trial criminal prosecution" of Defendant Broussard. (Id. at 7, 10).

The claims and substantive allegations in Sharifi's instant complaint are repeated essentially verbatim from his complaint in a recently filed case that remains pending before this Court. See Sharifi v. Broussard, No. 1:23-cv-00148-KD-B (S.D. Ala. filed Apr. 24, 2023) ("Broussard I"), ECF No. 1. On April 28, 2023, the undersigned concluded that venue in this district was improper and recommended that Broussard I be transferred to the Northern District of Alabama. Id., ECF No. 3. Sharifi has not objected to the undersigned's report and recommendation, although his objection period has not yet expired.

4

Additionally, this Court's records reflect that Sharifi previously filed another action in which he raised similar claims of innocence and "police misconducts" against multiple defendants, including Defendant Broussard. See Sharifi v. Hamm, No. 1:22-cv-00264-JB-MU (S.D. Ala. filed July 1, 2022) ("Sharifi v. Hamm"), ECF No. 1. Similar to the instant case, Sharifi asked to be deported to Iran and "unselfish[ly]" sought billions of dollars for his "new trial superlawyers," the "beloved victims' family," and others. Id. As in Broussard I, the magistrate judge determined that venue was lacking and recommended that Sharifi v. Hamm be transferred to the Northern District of Alabama. Id., ECF No. 6. The Court adopted the magistrate judge's recommendation over Sharifi's objection and transferred the case to the Northern District of Alabama in October 2022. Id., ECF. No. 7, 8, 9.[2]

Thus, it appears that rather than being content to litigate his claims in the proper forum, Sharifi sought an additional bite at the apple by filing a new, substantially similar action (Broussard I) in this improper venue while his prior action (Sharifi v. Hamm) remained pending in the Northern District of

---

[2] After being transferred to the Northern District of Alabama, Sharifi v. Hamm was found to be duplicative of and was consolidated with an identical action that Sharifi had previously filed in that district. Sharifi v. Hamm, No. 5:22-cv-01379-ACA-NAD (N.D. Ala. 2022), ECF No. 10. That case remains pending in the Northern District of Alabama. See Sharifi v. Hamm, No. 5:22-cv-00826-RDP-NAD (N.D. Ala. 2022).

5

Alabama.[3] Similarly, it appears that Sharifi is attempting to elide the undersigned's recommendation that Sharifi I be transferred to the Northern District of Alabama by simply filing yet another substantially identical action in this Court. This purposeful and repetitive filing of duplicative claims clearly evinces Sharifi's intent to avoid the consequences of his previous litigation, frustrate the orderly resolution of his claims, and preempt the use of judicial time and resources that properly could be used to consider the meritorious claims of other litigants. His attempts to manipulate and abuse the judicial process should not be countenanced.

Given the fact that Sharifi knowingly filed the instant complaint which merely duplicates pending claims that he had already asserted, it is recommended that this action be **DISMISSED**

---

[3] In his complaint in Broussard I, Sharifi noted with disapproval that this Court "transferred [his] $5 billion police misconduct civil action § 1983 to U.S. Northern District of Ala." and indicated that he was naming "only one Defendant (Hon. Robert Broussard)" in his new case in order "to ease your clerk's job." Broussard I, ECF No. 1.

**with prejudice**[4] as frivolous and malicious pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).[5]

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was

---

[4] See, e.g., Perry v. Culliver, 2012 U.S. Dist. LEXIS 77106, at *6, 2012 WL 1994917, at *2 (S.D. Ala. Apr. 23, 2012) (recommending that duplicative lawsuit be dismissed with prejudice as malicious), report and recommendation adopted, 2012 U.S. Dist. LEXIS 77083, 2012 WL 1994914 (S.D. Ala. June 4, 2012); Balcom v. Valenza, 2019 U.S. Dist. LEXIS 43240, at *2, 2019 WL 1244712, at *1 (M.D. Ala. Mar. 18, 2019) (dismissing plaintiff's complaint with prejudice as malicious under § 1915(e)(2)(B)(i) where it "repeat[ed] claims presented by him in prior actions filed with this court which remain[ed] pending").

[5] Because the instant complaint repeats the claims set out in Sharifi I, which the undersigned has recommended be transferred to the Northern District of Alabama, the undersigned will not address any other potential grounds for dismissal of Sharifi's complaint.

informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **15th** day of **May, 2023.**

                                                      **/s/ SONJA F. BIVINS**
                                     **UNITED STATES MAGISTRATE JUDGE**