IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MOHAMMAD SHARIFI,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 23-00157-KD-B |
| | ) |
| **ROBERT BROUSSARD,** | ) |
| **District Attorney of Madison County, Ala.** | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on the "6th Writ of Mandamus Petition" and "7th Writ of Mandamus Order" filed by Plaintiff Mohammad Sharifi (docs. 11, 12). Upon consideration, and for the reasons set forth herein, the 6th Writ of Mandamus Petition is dismissed for lack of jurisdiction.

On July 5, 2023, the Court adopted the report and recommendation of the Magistrate Judge to dismiss this action with prejudice as frivolous and malicious (docs. 3, 5, 6). The Magistrate Judge found that the claims and substantive allegations in Sharifi's complaint in this action "are repeated essentially verbatim from his complaint in" Sharifi v. Broussard, Civil Action No. 23-00148-KD-B (S.D. Ala. 2023).[1] The Magistrate Judge explained that a "complaint that merely repeats pending or previously litigated claims is an abuse of the judicial process and may properly be dismissed as frivolous or malicious under §§ 1915(e)(2)(B)(i) and 1915A(b)(1)." (doc. 3, p. 2).

---

[1] Civil Action No. 23-00148-KD-B has now been transferred to the Northern District of Alabama on basis that venue in this District was improper.

On July 21, 2023, Sharifi filed an appeal of the decision to dismiss this action with prejudice (doc. 10). The notice of appeal indicates that Sharifi raises issues on appeal that address the merits of his complaint against Broussard but he does not appear to raise issues regarding the decision to dismiss this action with prejudice because it is duplicative of a previously filed action.

The appeal is pending in the Court of Appeals for the Eleventh Circuit. "The filing of a notice of appeal generally divests a district court of jurisdiction as to those issues involved in the appeal." U.S. Commodity Futures Trading Comm'n v. Escobio, 946 F.3d 1242, 1251 (11th Cir. 2020). However, the Court retains jurisdiction to enter orders that aid the appeal or to address "collateral matters not affecting the questions presented on appeal." In re Otero, 741 Fed. Appx. 761, 763 (11th Cir. 2018).

Now, Sharifi has filed a "6th Writ of Mandamus Petition" and a "7th Writ of Mandamus Order" (docs. 11, 12). Although, Sharifi includes the pending appeal on the list of his cases (doc. 11, p. 1), nothing in the documents appear to be in aid of the appeal. Instead, he appears to seek a Writ of Mandamus independent of this action. Specifically, he appears to seek mandamus against Broussard as prosecutor, the trial judge, and circuit court clerk in the state court prosecution which lead to Sharifi's conviction and possibly against Governor Kay Ivey, Alabama Attorney General Steve Marshall, and other state officials or judges (doc. 8, p. 1, 2). In that regard, Rule 81(b) of the Federal Rules of Civil Procedure abolished any independent federal action for writ of mandamus. Also, the All Writs Act, 28 U.S.C. § 1361, provides that federal district courts do not have jurisdiction to issue a writ of mandamus to order state officials or other state entities to perform their duties. See Johnson v. Pasco Co. Det'n. Center, 2023 WL 3740092 (M.D. Fla.

2023) (citing Lamar v. 118th Judicial District Court of Texas, 440 F.2d 383 (5th Cir. 1971);[2] and citing Campbell v. Gersten, 394 Fed. Appx. 654 (11th Cir. 2010) ("The district court also lacked authority to issue a writ of mandamus to compel the state court and its officers to reinstate his motions to vacate and consider those motions on the merits.") (citing Lamar, 440 F.2d at 384); Lawrence v. Miami-Dade County State Att'y Office, 272 Fed. Appx. 781, 781 (11th Cir. 2008) ("Because the only relief Lawrence sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition."); Bailey v. Silberman, 226 Fed. App'x 922, 924 (11th Cir. 2007) ("Federal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought.").

To the extent that Sharifi petitions this district court to issue the Writ against members of the federal judiciary, specifically the Chief Justice of the Supreme Court, the Chief Justice of the Eleventh Circuit Court of Appeals, United States District Judge L. Scott Coogler, and United States District Judge Anna Manasco (doc. 8, p. 2), the petition is dismissed for lack of jurisdiction. The All Writs Act, 28 U.S.C. § 1361, provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, the judiciary is not within the purview of this statute. Trackwell v. U.S. Gov't, 472 F.3d 1242, 1246 (10th Cir. 2007) ("The context of [28 U.S.C. § 1361] argues for, not against, exclusion of the judiciary from its compass. For a district court to issue a writ of mandamus against an equal or

---

[2] Fifth Circuit decisions issued before October 1, 1981, are binding on this court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

higher court would be remarkable. As Justice Harlan wrote in his concurrence in Chandler v. Judicial Council of Tenth Circuit, 398 U.S. 74, 94, 90 S.Ct. 1648, 26 L.Ed.2d 100 (1970), "§ 1361 ... extends to 'officers,' 'employees,' and 'agencies' of the United States; there is no indication that it empowers the District Courts to issue mandamus to other judicial tribunals."); In re Novak, 771 F. Appx. 680, 682 (7th Cir. 2019) ("We agree that, contextually, § 1361 does not support district court mandamus jurisdiction over other courts (much less higher courts)."); see also Semper v. Gomez, 747 F. 3d 229 (3rd Cir. 2014) (finding that a district court judge properly dismissed a petition for mandamus against the chief judge of the district and stating "we do not believe that it would be appropriate for the District Court of the Virgin Islands to issue a writ of mandamus against its own Chief Judge.").

    DONE and ORDERED this the 29th day of August 2023.

                                        s/ Kristi K. DuBose
                                        KRISTI K. DuBOSE
                                        UNITED STATES DISTRICT JUDGE